**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

Southern _____ District of Texas _____
(State)

Case number (*if known*): _____ Chapter 11

☐ Check if this is an
amended filing

Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy   04/19

**If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known).  For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals*, is available.**

1. **Debtor's name**

   Buckingham Senior Living Community, Inc.

2. **All other names debtor used in the last 8 years**

   Include any assumed names, trade names, and *doing business as* names

   The Buckingham

3. **Debtor's federal Employer Identification Number** (EIN)

   3  0 _0  0  9  7  8  7  2

4. **Debtor's address**

   **Principal place of business**

   8580 Woodway Drive
   Number    Street

   Houston          TX      77063
   City             State   ZIP Code

   Harris
   County

   **Mailing address, if different from principal place of business**

   Number     Street

   P.O. Box

   City           State     ZIP Code

   **Location of principal assets, if different from principal place of business**

   Number     Street

   City           State     ZIP Code

5. **Debtor's website** (URL)

   https://www.buckinghamhouston.com/

6. **Type of debtor**

   ☑ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))
   ☐ Partnership (excluding  LLP)
   ☐ Other. Specify: _____

| Debtor | Buckingham Senior Living Community, Inc. | Case number *(if known)* _____ |
|---|---|---|
| | **Name** | |

**7.  Describe debtor's business**

A. *Check one:*

- ☑ Health Care Business (as defined in 11 U.S.C. § 101(27A))
- ☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))
- ☐ Railroad (as defined in 11 U.S.C. § 101(44))
- ☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))
- ☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))
- ☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))
- ☐ None of the above

B. *Check all that apply:*

- ☑ Tax-exempt entity (as described in 26 U.S.C. § 501)
- ☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)
- ☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes .

   6   2   3   3

**8.  Under which chapter of the Bankruptcy Code is the debtor filing?**

*Check one:*

- ☐ Chapter 7
- ☐ Chapter 9
- ☑ Chapter 11. *Check all that apply:*

  - ☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,725,625 (amount subject to adjustment on 4/01/22 and every 3 years after that).
  - ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).
  - ☑ A plan is being filed with this petition.
  - ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).
  - ☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.
  - ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

- ☐ Chapter 12

**9.  Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

- ☑ No
- ☐ Yes.

| District | _____ | When | _____ | Case number | _____ |
|---|---|---|---|---|---|
| | | | MM / DD / YYYY | | |
| District | _____ | When | _____ | Case number | _____ |
| | | | MM / DD / YYYY | | |

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

List all cases. If more than 1, attach a separate list.

- ☑ No
- ☐ Yes.

| Debtor | _____ | Relationship | _____ |
|---|---|---|---|
| District | _____ | When | _____ |
| | | | MM / DD / YYYY |
| Case number, if known | _____ | | |

| Debtor | Buckingham Senior Living Community, Inc. | Case number (if known) |
|---|---|---|
| | Name | |

**11. Why is the case filed in _this district_?**

Check all that apply:

☑ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☐ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☑ No
☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** (Check all that apply.)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

**Where is the property?** _____
                          Number        Street

_____

_____
City                                    State       ZIP Code

**Is the property insured?**

☐ No
☐ Yes. Insurance agency _____

Contact name _____

Phone _____

---

**Statistical and administrative information**

**13. Debtor's estimation of available funds**

Check one:

☑ Funds will be available for distribution to unsecured creditors.
☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors.

**14. Estimated number of creditors**

| | | |
|---|---|---|
| ☐ 1-49 | ☑ 1,000-5,000 | ☐ 25,001-50,000 |
| ☐ 50-99 | ☐ 5,001-10,000 | ☐ 50,001-100,000 |
| ☐ 100-199 | ☐ 10,001-25,000 | ☐ More than 100,000 |
| ☐ 200-999 | | |

**15. Estimated assets**

| | | |
|---|---|---|
| ☐ $0-$50,000 | ☐ $1,000,001-$10 million | ☐ $500,000,001-$1 billion |
| ☐ $50,001-$100,000 | ☐ $10,000,001-$50 million | ☐ $1,000,000,001-$10 billion |
| ☐ $100,001-$500,000 | ☐ $50,000,001-$100 million | ☐ $10,000,000,001-$50 billion |
| ☐ $500,001-$1 million | ☑ $100,000,001-$500 million | ☐ More than $50 billion |

| Debtor | Buckingham Senior Living Community, Inc. | Case number (if known) |
|---|---|---|
| | Name | |

**16. Estimated liabilities**

- ☐ $0-$50,000
- ☐ $50,001-$100,000
- ☐ $100,001-$500,000
- ☐ $500,001-$1 million

- ☐ $1,000,001-$10 million
- ☐ $10,000,001-$50 million
- ☐ $50,000,001-$100 million
- ☑ $100,000,001-$500 million

- ☐ $500,000,001-$1 billion
- ☐ $1,000,000,001-$10 billion
- ☐ $10,000,000,001-$50 billion
- ☐ More than $50 billion

---

### Request for Relief, Declaration, and Signatures

**WARNING --** Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

☑ The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

☑ I have been authorized to file this petition on behalf of the debtor.

☑ I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  06/25/2021
MM  / DD / YYYY

✗ _____        Michael Wyse
Signature of authorized representative of debtor       Printed name

Title  Chair of the Board of Directors

**18. Signature of attorney**

✗ _____        Date  06/25/2021
Signature of attorney for debtor                MM   / DD / YYYY

Demetra Liggins
Printed name

Thompson & Knight LLP
Firm name

811 Main Street, Suite 2500
Number        Street

Houston                                    Texas        77002
City                                       State        ZIP Code

214-969-1700                               demetra.liggins@tklaw.com
Contact phone                              Email address

24026844                                   Texas
Bar number                                 State

---

## DIRECTOR'S CERTIFICATE

The undersigned, the Chair of the Board of Directors of Buckingham Senior Living Community, Inc. (the "Debtor"), does hereby certify the following as of the date hereof:

a.  I am a duly qualified and elected director of the Debtor, and, as such, I am familiar with the facts herein certified and duly authorized to certify the same on behalf of the Debtor.

b.  attached as **Annex A** hereto is a true, correct and complete copy of the resolutions adopted by the Debtor on June 25, 2021 (the "Debtor's Resolutions") in accordance with the terms of the Debtor's bylaws;

c.  such Debtor's Resolutions have not been amended, modified or rescinded since adopted, and are in full force and effect as of the date hereof.  There exists no other subsequent resolution of the Debtor's board of directors relating to the matters set forth in the resolutions attached hereto.

IN WITNESS WHEREOF, the undersigned has cause this certificate to be executed as of the date first set forth above.

Executed this 25th day of June, 2021

By: _____

Name: Michael Wyse
Title: Chair of the Board

## **Annex A**

## **Board Resolutions**

**RESOLUTIONS CONSENTING TO THE FILING OF A BANKRUPTCY PETITION
ADOPTED BY THE BOARD OF DIRECTORS OF
BUCKINGHAM SENIOR LIVING COMMUNITY, INC.
AT A SPECIAL MEETING HELD ON JUNE 22, 2021**

I, Berry Spears, do hereby certify that I am the duly elected, qualified and acting Secretary of **BUCKINGHAM SENIOR LIVING COMMUNITY, INC.**, a Texas nonprofit corporation ("BSLC"), and do further hereby certify that at a meeting of the Board of Directors of BSLC (the "Board") held on June 22, 2021 at which a quorum was present and voting throughout, the following resolutions were presented and adopted by a unanimous vote, pursuant to the Texas Business Organizations Code and the Amended and Restated Bylaws of BSLC, to wit:

## I. BANKRUPTCY CASE.

**WHEREAS**, the Board has considered the current and prospective financial and operational aspects of BSLC's business, including BSLC's historical performance, assets, current and long-term liabilities and the market for BSLC's services;

**WHEREAS**, the Board has received, reviewed and considered the recommendations of the senior management of BSLC, as well as BSLC's legal and financial advisors, as to the relative risks and benefits of pursuing a bankruptcy case under the provisions of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of Texas (the "Bankruptcy Court");

**WHEREAS**, the Board has determined that it is desirable, fair, reasonable, and in the best interests of BSLC and its creditors, residents and other interested parties for BSLC to (i) file a voluntary petition seeking relief under the provisions of chapter 11 of the Bankruptcy Code to effect a restructuring of BSLC's business; and (ii) file, and seek confirmation of, a chapter 11 plan (the "Plan") in the form presented to and discussed with the Board; and

**WHEREAS**, the Plan contemplates, among other things, that, subject to approval of the Bankruptcy Court, there will be a financial restructuring of the approximately $140,340,000 in Tarrant County Cultural Education Facilities Finance Corporation Retirement Facility Revenue Bonds (Buckingham Senior Living Community, Inc. Project) Series 2007, Series 2014 and Series 2015 (collectively, the "Existing Bonds") outstanding, plus accrued and unpaid interest;

**NOW, THEREFORE, IT IS HEREBY:**

**RESOLVED**, that, in the judgment of the Board, it is advisable and in the best interests of BSLC, its creditors, its residents and other interested parties that a voluntary petition be filed by BSLC in the Bankruptcy Court.

**RESOLVED FURTHER**, that, in the judgment of the Board, it is advisable and in the best interests of BSLC, its creditors, its residents and other interested parties that BSLC pursue a restructuring of its business through a chapter 11 process.

**RESOLVED FURTHER**, that Mike Wyse, as Chairman of BSLC, and Berry Spears, as Secretary of BSLC, and such other officer(s) that BSLC may from time to time designate (each,

1

an "Authorized Officer" and collectively the "Authorized Officers"), are hereby authorized and instructed to cause preparation of a voluntary petition for relief under chapter 11 of the Bankruptcy Code on behalf of BSLC.

RESOLVED FURTHER, that, upon preparation, such Authorized Officers are hereby authorized, on behalf of and in the name of BSLC, to cause such a voluntary petition to be executed and verified in such form as such Authorized Officers, with advice of counsel, deem appropriate and that upon such execution, such Authorized Officers, with advice of counsel, are hereby authorized to cause such a petition to be filed with the Bankruptcy Court to commence a case under chapter 11 of the Bankruptcy Code (the "Bankruptcy Case").

RESOLVED FURTHER, that the Authorized Officers are hereby authorized and instructed to make such arrangements as they deem necessary or proper for BSLC to file the Bankruptcy Case and to take such additional action and execute and deliver such other agreements, instruments or documents proposed to be executed and delivered by or on behalf of BSLC pursuant thereto or in connection therewith, all with such changes therein and additions thereto as the Authorized Officers, in their sole discretion, may deem necessary or proper in connection with such further actions.

RESOLVED FURTHER, that the Authorized Officers are hereby authorized and instructed to make such arrangements as they deem necessary or proper for BSLC to use existing cash collateral or to borrow additional funds, either as a debtor in possession under chapter 11 of the Bankruptcy Code or otherwise, and that such Authorized Officers are hereby authorized and instructed, on behalf of and in the name of BSLC, to negotiate and agree with potential lenders as to the terms and amounts of any such cash collateral use or further borrowings and to grant such security interests in, or liens on the assets of BSLC and to execute and deliver appropriate agreements for such use of post-petition financing in connection with the Bankruptcy Case, including the granting of liens to any such lender(s) to such agreement(s), and to take such additional action and execute and deliver such other agreements, instruments or documents proposed to be executed and delivered by or on behalf of BSLC pursuant thereto or in connection therewith, all with such changes therein and additions thereto as the Authorized Officers, in their sole discretion, may deem necessary or proper in connection with such further borrowings.

RESOLVED FURTHER, that the Authorized Officers, on terms consistent with those presented to the Board, are authorized to execute and file (or direct others to do so on behalf of BSLC) all necessary documents, including, without limitation, all petitions, affidavits, schedules, motions, lists, applications, pleadings and other papers and, in connection therewith, to employ and retain all assistance by legal counsel, financial advisors, investment bankers, accountants or other professionals and to take any and all action that they deem necessary and proper in connection with the Bankruptcy Case.

RESOLVED FURTHER, that each of the Authorized Officers is hereby authorized, directed and empowered to retain, on behalf of the Company, Thompson & Knight LLP, B. Riley Advisory Services, and Bankruptcy Management Solutions, Inc. d/b/a Stretto (collectively, the "Professionals") and such other professionals, including attorneys, accountants, financial advisors, investment bankers, actuaries, consultants, noticing agents, or brokers, in each case as in such

2

Authorized Officer's or Authorized Officers' judgment may be necessary in connection with the Bankruptcy Case and other related matters, on such terms as such officer or officers shall approve.

**RESOLVED FURTHER**, that, with respect to the Professionals, the Authorized Officers are hereby authorized and directed to (a) execute retention agreements or extensions thereto and pay retainers in connection with the filing of the Bankruptcy Case, (b) continue to periodically replenish, as required, the retainers previously paid by BSLC to the Professionals on account of the services rendered or to be rendered by them, and (c) cause to be filed applications for authority to retain the Professionals.

**RESOLVED FURTHER**, that the Authorized Officers are authorized and directed to employ any other firms as professionals or consultants to BSLC as are deemed necessary to represent and assist BSLC in carrying out its duties under the Bankruptcy Code and, in connection therewith, the Authorized Officers are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers in connection with the Bankruptcy Case and cause to be filed an appropriate application for authority to retain the services of such firms.

**RESOLVED FURTHER**, that the law firm Thompson & Knight LLP and any additional special counsel selected by an Authorized Officer, if any, are hereby authorized, empowered and directed to represent BSLC, as debtor and debtor-in-possession, in connection with any chapter 11 case commenced by or against it under the Bankruptcy Code.

## II. DIP CREDIT AGREEMENT.

**WHEREAS**, it is proposed that BSLC enter into a Priming Superpriority Debtor-In-Possession Credit Agreement (as amended, restated or otherwise modified from time to time, the "DIP Credit Agreement"), by and among BSLC, as debtor, and UMB Bank, N.A., in its capacity as bond trustee (the "DIP Lender"), on substantially the terms presented to the Board at its meeting, with such changes and additions thereto as any Authorized Officer shall deem necessary or desirable in such Authorized Officer's discretion (execution by such Authorized Officer to constitute conclusive evidence of such judgment); and

**WHEREAS**, in connection with the DIP Credit Agreement, it is proposed that BSLC enter into the other DIP Collateral Documents (as defined in the DIP Credit Agreement), the other DIP Loan Documents (as defined in the DIP Credit Agreement) and other various agreements, certificates, assignment documents, notices, financing statements, tax affidavits, security documents, contracts, promissory notes, fee letters, side letters, letters of credit, control agreements, instruments or documents contemplated by or incident to any of the foregoing or as may be reasonably requested by the DIP Lender (collectively, together with the DIP Credit Agreement, the "DIP Credit Agreement Documents").

**NOW, THEREFORE, IT IS HEREBY:**

**RESOLVED**, that the form, terms and provisions of each of the DIP Credit Agreement Documents, each in the form and containing such terms as any Authorized Officer shall deem necessary or appropriate, be, and the same hereby are, in all respects, authorized, ratified, confirmed and approved, and any and all amendments thereto (including any increase to the

3

amount of credit available thereunder), and the transactions, other actions and instruments contemplated by or incident to the other DIP Credit Agreement Documents, and BSLC's entry into, delivery and performance thereunder, including, without limitation, the granting of a security interest in all assets of BSLC, be and hereby are, in all respects, authorized, confirmed, adopted, ratified and approved in all respects.

**RESOLVED FURTHER**, that BSLC will obtain benefits from the incurrence of the DIP Loans and other DIP Obligations (each as defined in the DIP Credit Agreement) under the DIP Credit Agreement and the other DIP Credit Agreement Documents, which are necessary and convenient to the conduct, promotion and attainment of the business of BSLC.

**RESOLVED FURTHER**, that each Authorized Officer, acting alone or with one or more Authorized Officers, be and hereby is severally authorized and empowered, in the name and on behalf of BSLC, to execute and deliver each of the DIP Credit Agreement Documents, any and all amendments thereto or to the DIP Credit Agreement, and the transactions and other actions and instruments contemplated by or incident to the DIP Credit Agreement Documents, as such Authorized Officer may, in his or her sole and absolute discretion, approve, such approval to be conclusively evidenced by the Authorized Officer's execution and delivery of the DIP Credit Agreement and such other DIP Credit Agreement Documents, with such changes therein and additions thereto or any subsequent amendment thereto from time to time (including any increase in the DIP Loan Commitment available under the DIP Credit Agreement), including any departures therein from the form presented to the Board.

**RESOLVED FURTHER**, that the Authorized Officers be, and each of them individually and acting singly hereby is, authorized, in the name and on behalf of BSLC, to assign, transfer, pledge and grant to the DIP Lender, a security interest in all or substantially all the assets of BSLC, as collateral security for the prompt and complete payment and performance when due of the DIP Obligations (as defined in the DIP Credit Agreement) under the DIP Credit Agreement Documents and to take or cause to be taken any such actions as may be necessary, appropriate or desirable to cause BSLC to create, perfect and maintain a security interest in BSLC's property or assets constituting DIP Collateral (as defined in the DIP Credit Agreement) as described or contemplated in the DIP Credit Agreement Documents.

**RESOLVED FURTHER**, that each of the Authorized Officers is hereby severally authorized, empowered and directed to take or to cause to be taken all such further action, including, without limitation, to sign, execute, acknowledge, certify, deliver, accept, record and file all such further instruments, including but not limited to the filing of any Uniform Commercial Code financing statement or other documents with any governmental authority or filing office, the paying of any fees or expenses in accordance with the terms of the DIP Credit Agreement Documents and executing and delivering any officer's certificates or other certificates, notices, instruments or other documents, in the name and on behalf of BSLC, as in his judgment shall be necessary, desirable or advisable in order to carry out the intent, and to accomplish the purposes, of the foregoing resolutions (execution by such Authorized Officer to constitute conclusive evidence of such judgment).

**RESOLVED FURTHER**, that (i) the DIP Lender is authorized to file or record financing statements and other filing or recording documents or instruments with respect to the DIP Collateral (as defined in the DIP Credit Agreement) without the signature of BSLC in such form and in such offices as the DIP Lender determines appropriate to perfect the security interests of the DIP Lender granted under the DIP Credit Agreement Documents; and (ii) the DIP Lender is authorized to use the collateral description "all assets" or "all or substantially all personal property assets" or "all assets and personal property of the debtor or in which the debtor otherwise has rights, whether now owned or hereafter acquired or coming into existence, and wherever located, together with all proceeds thereof, and that said collateral includes, without limitation, the categories of collateral described and defined in Article 9 of the Uniform Commercial Code, including the Texas Commercial Code or any similar description in any such financing statements.

**RESOLVED FURTHER**, that the granting of security interests by BSLC in property now or hereafter owned by BSLC as contemplated by the DIP Collateral Documents (as defined in the DIP Credit Agreement) and the other DIP Credit Agreement Documents to which it is a party and any other agreements, documents or filings that an Authorized Officer determines are necessary, appropriate or desirable in connection with same to which it is a party or that are otherwise necessary, appropriate or desirable pursuant to the terms of such documents to which it is a party, be and hereby are authorized and approved in all respects.

**RESOLVED FURTHER**, that all actions heretofore taken by each of the Authorized Officers in connection with the foregoing matters be and hereby are approved, ratified and confirmed in all respects.

### III. RESTRUCTURING PLAN.

**WHEREAS**, BSLC obtained the consent of the holders of a at least a majority of the outstanding Bonds (the "Consenting Holders") for a financial restructuring of the Existing Bonds, and as part of this process, BSLC and the Consenting Holders have agreed to the key provisions of the financial restructuring (the "Restructuring Plan"), as to be documented in that certain Plan Support Agreement by and between BSLC and the Consenting Holders ("Plan Support Agreement"), including the restructuring term sheet attached as Exhibit 1 thereto (the "Term Sheet"), in substantially the form presented to the Board at its meeting, with such changes and additions thereto as any Authorized Officer shall deem necessary or desirable in such Authorized Officer's discretion (execution by such Authorized Officer to constitute conclusive evidence of such judgment);

**WHEREAS**, in order to implement the Restructuring Plan, BSLC plans to borrow the proceeds of a future approximately $169,000,000 issue of tax-exempt and taxable bonds;

**WHEREAS**, the Tarrant County Cultural Education Facilities Finance Corporation or another issuer selected by the Authorized Officers in their sole discretion (the "Issuer") is authorized to sell and deliver its bonds for the purpose of financing the cost of certain qualifying facilities;

**WHEREAS**, the Issuer proposes to issue its Retirement Facility Revenue Bonds (such bonds, and all other bonds issued by the Issuer for the benefit of BSLC are herein collectively referred to as the "Series 2021 Bonds");

**WHEREAS**, the net proceeds of the sale of the Series 2021 Bonds will be lent to BSLC by the Issuer in order to provide financing for the Restructuring Plan and the refinancing of the Existing Bonds;

**NOW, THEREFORE, BE IT RESOLVED**, that the terms and provisions of the Restructuring Plan, substantially in the form set forth in the Term Sheet and the performance of the BSLC's obligations thereunder are, subject to Bankruptcy Court approval, authorized and approved.

**RESOLVED FURTHER**, that each of the Authorized Officers is authorized, empowered and directed, in the name and on behalf of BSLC, to execute and file the Restructuring Plan and seek Bankruptcy Court approval thereof.

**RESOLVED FURTHER**, that the Board of Directors of BSLC hereby approves and authorizes the issuance of the Series 2021 Bonds in one or more series.

**RESOLVED FURTHER**, that the Board of Directors of BSLC deems it necessary and advisable and in the best interests of BSLC that BSLC borrow from the Issuer an amount not to exceed the entirety of the net proceeds of the sale of the Series 2021 Bonds (the "Financing") in order to provide for the financing of the Restructuring Plan and the refinancing of the Existing Bonds and for other purposes relating to the Restructuring Plan as determined by the officers of BSLC in their sole and absolute discretion.

**RESOLVED FURTHER**, that (i) BSLC hereby declares its official intent to reimburse out of the proceeds of the Series 2021 Bonds expenditures by BSLC and its agents in connection with the Financing or the Restructuring Plan that are paid not more than 60 days prior to the date hereof or paid subsequent to the date hereof; (ii) BSLC reasonably expects the maximum principal amount of the Series 2021 Bonds and the maximum amount of proceeds of the Series 2021 Bonds borrowed by BSLC to be $169,000,000; (iii) this resolution is and shall be deemed a declaration of BSLC's official intent under Treasury Regulation Section 1.150-2; (iv) the officers of BSLC are hereby authorized and directed to make the reimbursements described above; and (v) this resolution shall be available for public inspection at the main administrative office and customary location of records of BSLC.

**RESOLVED FURTHER**, that in order to provide for the Financing and Restructuring Plan, the officers of BSLC are hereby severally authorized and directed to, on behalf of BSLC, execute and deliver one or more master indentures, supplemental indentures, indentures, loan agreements, letter of credit agreements, reimbursement agreements, promissory notes, deeds of trusts, mortgages, pledge agreements, lease agreements, transfer agreements, financing statements, assignments, certificates, instruments, and such other contracts, agreements, documents, and writings of every kind or character (both original and amendatory) which the officers of BSLC deem necessary or appropriate to provide for the Financing and/or the Restructuring Plan, such determination to be conclusively evidenced by the execution of any such master indentures,

6

supplemental indentures, indentures, loan agreements, letter of credit agreements, reimbursement agreements, promissory notes, deeds of trust, mortgages, pledge agreements, lease agreements, transfer agreements, financing statements, assignments, certificates, instruments, and such other contracts, agreements, documents and writings.

**RESOLVED FURTHER**, that the Board of Directors of BSLC hereby authorizes the use of such information in the disclosure statement or other offering documents related to the issuance of the Series 2021 Bonds as the officers of BSLC in their sole and absolute discretion deem necessary or advisable, and each of the Authorized Officers is authorized, empowered and directed, in the name and on behalf of BSLC, to execute and file the disclosure statement or other offering documents and seek Bankruptcy Court approval thereof.

**RESOLVED FURTHER**, that the officers of BSLC are hereby severally authorized and directed to do and perform or cause to be done and performed all such other acts as each such officer shall from time to time deem necessary, advisable or appropriate in order (a) to consummate the transactions described in the foregoing described documents, (b) to give or undertake additional security, assurances, or obligations to the other parties to such documents in connection therewith, or (c) to perform and comply with all covenants and agreements and meet and satisfy all conditions and obligations of BSLC set forth in such documents.

## IV. FURTHER AUTHORIZATION AND RATIFICATION.

**RESOLVED,** that the Authorized Officers are authorized and directed, in the name of and on behalf of BSLC, under BSLC's corporate seal or otherwise, to make, enter into, execute, deliver and file any and all other or further agreements, documents, certificates, materials and instruments, to disburse funds of BSLC, to take or cause to be taken any and all other actions, and to incur all such fees and expenses as any such Authorized Officer deems to be necessary, appropriate or advisable to carry out the purposes of the foregoing resolutions and the transactions contemplated thereunder and/or to successfully complete the Bankruptcy Case, the taking of any such action or execution of any such documents and/or agreements to constitute conclusive evidence and the exercise of such discretionary authority.

**RESOLVED FURTHER**, that the officers of BSLC (together with such employees of BSLC under their supervision as any of them shall direct) are hereby severally authorized and directed in the name and on behalf of BSLC to do or cause to be done any and all further acts and things which they may from time to time deem necessary, advisable or appropriate to carry out the purpose and intent of the foregoing resolutions.

**RESOLVED FURTHER,** that all acts heretofore lawfully done or actions heretofore lawfully taken by any Authorized Officer to seek relief under chapter 11 of the Bankruptcy Code or in connection with the Bankruptcy Case, the Restructuring Plan, or the Financing, or any matter related thereto, be, and hereby are, adopted, ratified, confirmed and approved in all respects.

**RESOLVED FURTHER,** that the Secretary and any Assistant Secretary of BSLC are hereby authorized to certify and deliver, to any person to whom such certification and delivery may be necessary or appropriate in the opinion of such Secretary or Assistant Secretary, a true copy of the foregoing resolutions.

I do further certify that the foregoing is a full, true and correct copy of the foregoing Resolutions as they appear in the records of BSLC, that such resolutions have not been altered, amended or repealed and are now in full force and effect and that I am duly authorized to make this Certificate.


Berry Spears, Secretary
Buckingham Senior Living Community, Inc.

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| IN RE: | § | |
| | § | CASE NO. 21-_____  (__) |
| **BUCKINGHAM SENIOR LIVING** | § | |
| **COMMUNITY, INC.**[1] | § | CHAPTER 11 |
| | § | |
| **Debtor.** | § | |
| | § | |

### CORPORATE OWNERSHIP STATEMENT (RULE 1007(a)(l))

Pursuant to Rules 1007(a)(l) and 7007.1 of the Federal Rules of Bankruptcy Procedure, Buckingham Senior Living Community, Inc. ("The Buckingham") hereby certifies that The Buckingham is a non-member nonprofit corporation with a self-perpetuating board of directors.

The undersigned, the Chair of The Buckingham's board of directors, hereby declares under penalty of perjury that the information contained herein is true and correct to the best of his knowledge, information and belief, as of June 25, 2021.

Executed this 25th day of June, 2021

By:    Michael Wyse
Title:  Chair of the Board of Directors

---

[1] The last four digits of the Debtor's federal tax identification number are: 7872. The location of the Debtor's principal place of business and the service address for the Debtor is: 8580 Woodway Drive Houston, Texas 77063.

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| IN RE: | § | |
| | § | CASE NO. 21-_____ (__) |
| **BUCKINGHAM SENIOR LIVING** | § | |
| **COMMUNITY, INC.**[1] | § | CHAPTER 11 |
| | § | |
| **Debtor.** | § | |
| | § | |

## <u>LIST OF EQUITY SECURITY HOLDERS (RULE 1007(a)(3))</u>

Pursuant to Rule 1007(a)(3) of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>"), Buckingham Senior Living Community, Inc. ("<u>The Buckingham</u>," or the "<u>Debtor</u>"), hereby states that The Buckingham is a non-member nonprofit corporation with a self-perpetuating board of directors.  Accordingly, The Buckingham has no equity security holders.

The undersigned, the Chair of The Buckingham's board of directors, hereby declares under penalty of perjury that the information contained herein is true and correct to the best of his knowledge, information and belief, as of June 25, 2021.

Executed this 25th day of June, 2021

By:    Michael Wyse
Title:  Chair of the Board of Directors

---

[1] The last four digits of the Debtor's federal tax identification number are: 7872. The location of the Debtor's principal place of business and the service address for the Debtor is: 8580 Woodway Drive Houston, Texas 77063.

**Fill in this information to identify the case and this filing:**

Debtor Name _____

United States Bankruptcy Court for the: _____ District of _____
                                                                                    (State)

Case number (*If known*):  _____

---

Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors          12/15

**An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date.  Bankruptcy Rules 1008 and 9011.**

**WARNING -- Bankruptcy fraud is a serious crime.  Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.  18 U.S.C. §§ 152, 1341, 1519, and 3571.**

---

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐  *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)

☐  *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)

☐  *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)

☐  *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)

☐  *Schedule H: Codebtors* (Official Form 206H)

☐  *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)

☐  Amended *Schedule ____*

☐  *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)

☐  Other document that requires a declaration_____

I declare under penalty of perjury that the foregoing is true

Executed on  _____          ✗ ____                                                      _____
                    MM / DD / YYYY              Signature of individual signing on behalf of debtor

                                        _____
                                        Printed name

                                        _____
                                        Position or relationship to debtor

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| IN RE: | § | |
| | § | **CASE NO. 21-_____ (__)** |
| **BUCKINGHAM SENIOR LIVING** | § | |
| **COMMUNITY, INC.**[1] | § | **CHAPTER 11** |
| | § | |
| **Debtor.** | § | |
| | § | |

**DECLARATION FOR ELECTRONIC FILING OF**
**BANKRUPTCY PETITION AND MASTER MAILING LIST (MATRIX)**

**PART I:  DECLARATION OF PETITIONER:**

As the individual authorized to act on behalf of the corporation, partnership, or limited liability company seeking bankruptcy relief in this case, I hereby request relief as, or on behalf of, the debtor in accordance with the chapter of title 11, United States Code, specified in the petition to be filed electronically in this case.  I have read the information provided in the petition and in the lists of creditors to be filed electronically in this case and ***I hereby declare under penalty of perjury*** that the information provided therein, as well as the social security information disclosed in this document, is true and correct.  I understand that this Declaration is to be filed with the Bankruptcy Court within seven (7) business days after the petition and lists of creditors have been filed electronically. I understand that a failure to file the signed original of this Declaration will result in the dismissal of my case.

☐      I am an individual whose debts are primarily consumer debts and who has chosen to file under chapter 7.  I am aware that I may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, understand the relief available under each chapter, and choose to proceed under chapter 7.

☒      I hereby further declare under penalty of perjury that I have been authorized to file the petition and lists of creditors on behalf of the debtor in this case.

Date: June 25, 2021

Michael Wyse
Chair of the Board of
Directors

---

[1] The last four digits of the Debtor's federal tax identification number are: 7872. The location of the Debtor's principal place of business and the service address for the Debtor is: 8580 Woodway Drive Houston, Texas 77063.

**PART II:  DECLARATION OF ATTORNEY:**

I declare ***under penalty of perjury*** that:  (1) I will give the debtor(s) a copy of all documents referenced by Part I herein which are filed with the United States Bankruptcy Court; and (2) I have informed the debtor(s), if an individual with primarily consumer debts, that he or she may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each such chapter.

Date: June 25, 2021

Demetra Liggins
Attorney for the Debtor

**Fill in this information to identify the case:**

Debtor name   Buckingham Senior Living Community, Inc.

United States Bankruptcy Court for the:   Southern    District of   Texas
                                                           (State)

Case number: (If known): _____

☐ Check if this is an amended filing

## Official Form 204

## Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders

12/15

**A list of creditors holding the 20 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an *insider*, as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 20 largest unsecured claims.**

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1   Resident 12029633 Address Intentionally Omitted | P: Intentionally Omitted F: Intentionally Omitted | Contingent Resident Refund | C, U | | | $1,080,205.00 |
| 2   Resident 12029634 Address Intentionally Omitted | P: Intentionally Omitted F: Intentionally Omitted | Contingent Resident Refund | C, U | | | $726,300.00 |
| 3   Resident 12029584 Address Intentionally Omitted | P: Intentionally Omitted F: Intentionally Omitted | Contingent Resident Refund | C, U | | | $718,105.00 |
| 4   Resident 12029654 Address Intentionally Omitted | P: Intentionally Omitted F: Intentionally Omitted | Contingent Resident Refund | C, U | | | $718,105.00 |
| 5   Resident 12029490 Address Intentionally Omitted | P: Intentionally Omitted F: Intentionally Omitted | Contingent Resident Refund | C, U | | | $706,860.00 |
| 6   Resident 12029632 Address Intentionally Omitted | P: Intentionally Omitted F: Intentionally Omitted | Contingent Resident Refund | C, U | | | $658,800.00 |
| 7   Resident 12029495 Address Intentionally Omitted | P: Intentionally Omitted F: Intentionally Omitted | Contingent Resident Refund | C, U | | | $655,587.00 |
| 8   Resident 12029509 Address Intentionally Omitted | P: Intentionally Omitted F: Intentionally Omitted | Contingent Resident Refund | C, U | | | $652,028.00 |

Debtor   __Buckingham Senior Living Community, Inc.__          Case number *(if known)*_____

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 9 Resident 12029656 Address Intentionally Omitted | P: Intentionally Omitted F: Intentionally Omitted | Contingent Resident Refund | C, U | | | $639,000.00 |
| 10 Resident 12029512 Address Intentionally Omitted | P: Intentionally Omitted F: Intentionally Omitted | Contingent Resident Refund | C, U | | | $629,752.00 |
| 11 Resident 12029491 Address Intentionally Omitted | P: Intentionally Omitted F: Intentionally Omitted | Contingent Resident Refund | C, U | | | $594,810.00 |
| 12 Resident 12029602 Address Intentionally Omitted | P: Intentionally Omitted F: Intentionally Omitted | Contingent Resident Refund | C, U | | | $581,940.00 |
| 13 Resident 12029605 Address Intentionally Omitted | P: Intentionally Omitted F: Intentionally Omitted | Contingent Resident Refund | C, U | | | $578,700.00 |
| 14 Resident 12029561 Address Intentionally Omitted | P: Intentionally Omitted F: Intentionally Omitted | Contingent Resident Refund | C, U | | | $552,600.00 |
| 15 Resident 12029518 Address Intentionally Omitted | P: Intentionally Omitted F: Intentionally Omitted | Contingent Resident Refund | C, U | | | $550,170.00 |
| 16 Resident 12029520 Address Intentionally Omitted | P: Intentionally Omitted F: Intentionally Omitted | Contingent Resident Refund | C, U | | | $539,100.00 |
| 17 Resident 12029658 Address Intentionally Omitted | P: Intentionally Omitted F: Intentionally Omitted | Contingent Resident Refund | C, U | | | $539,100.00 |
| 18 Resident 12029552 Address Intentionally Omitted | P: Intentionally Omitted F: Intentionally Omitted | Contingent Resident Refund | C, U | | | $527,850.00 |
| 19 Resident 12029494 Address Intentionally Omitted | P: Intentionally Omitted F: Intentionally Omitted | Contingent Resident Refund | C, U | | | $523,800.00 |
| 20 Resident 12029570 Address Intentionally Omitted | P: Intentionally Omitted F: Intentionally Omitted | Contingent Resident Refund | C, U | | | $511,000.00 |

Debtor   Buckingham Senior Living Community, Inc.   Case number (*if known*)_____

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 21 | Resident 12029483 Address Intentionally Omitted | P: Intentionally Omitted F: Intentionally Omitted | Contingent Resident Refund | C, U | | | $503,100.00 |
| 22 | Resident 12029644 Address Intentionally Omitted | P: Intentionally Omitted F: Intentionally Omitted | Contingent Resident Refund | C, U | | | $503,100.00 |
| 23 | Resident 12029471 Address Intentionally Omitted | P: Intentionally Omitted F: Intentionally Omitted | Contingent Resident Refund | C, U | | | $503,100.00 |
| 24 | Resident 12029528 Address Intentionally Omitted | P: Intentionally Omitted F: Intentionally Omitted | Contingent Resident Refund | C, U | | | $499,050.00 |
| 25 | Resident 12029511 Address Intentionally Omitted | P: Intentionally Omitted F: Intentionally Omitted | Contingent Resident Refund | C, U | | | $494,100.00 |
| 26 | Resident 12029642 Address Intentionally Omitted | P: Intentionally Omitted F: Intentionally Omitted | Contingent Resident Refund | C, U | | | $480,600.00 |
| 27 | Resident 12029471 Address Intentionally Omitted | P: Intentionally Omitted F: Intentionally Omitted | Contingent Resident Refund | C, U | | | $478,800.00 |
| 28 | Resident 12029578 Address Intentionally Omitted | P: Intentionally Omitted F: Intentionally Omitted | Contingent Resident Refund | C, U | | | $475,200.00 |
| 29 | Resident 12029657 Address Intentionally Omitted | P: Intentionally Omitted F: Intentionally Omitted | Contingent Resident Refund | C, U | | | $458,100.00 |
| 30 | Resident 12029523 Address Intentionally Omitted | P: Intentionally Omitted F: Intentionally Omitted | Contingent Resident Refund | C, U | | | $458,100.00 |