# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | | |
|---|---|---|
| **IN RE:** | § | |
| | § | **CASE NO. 21-32155 (MI)** |
| **BUCKINGHAM SENIOR LIVING** | § | |
| **COMMUNITY, INC.**[1] | § | **CHAPTER 11** |
| | § | |
| **Debtor.** | § | **(Emergency Hearing Requested)** |
| | § | |

## DEBTOR'S EMERGENCY MOTION FOR AN ORDER AUTHORIZING THE DEBTOR TO (I) ESCROW POST-PETITION ENTRANCE FEES AND (II) REFUND CERTAIN ENTRANCE FEES

> **Emergency relief has been requested. A hearing will be conducted on this matter on June 28, 2021 at 2:30 pm (prevailing Central Time) in Courtroom 404, 4th floor, 515 Rusk Street, Houston, Texas 77002. You may participate in the hearing either in person or by audio/video connection.**
>
> **Audio communication will be by use of the Court's dial-in facility. You may access the facility at (832) 917-1510. You will be responsible for your own long-distance charges. Once connected, you will be asked to enter the conference room number. Judge Isgur's conference room number is 954554.**
>
> **You may view video via GoToMeeting. To use GoToMeeting, the Court recommends that you download the free GoToMeeting application. To connect, you should enter the meeting code "JudgeIsgur" in the GoToMeeting app or click the link on Judge Isgur's home page on the Southern District of Texas website. Once connected, click the settings icon in the upper right corner and enter your name under the personal information setting.**
>
> **Hearing appearances must be made electronically in advance of the hearing. To make your electronic appearance, go to the Southern District of Texas website and select "Bankruptcy Court" from the top menu. Select "Judges' Procedures," then "View Home Page" for Judge Isgur. Under "Electronic Appearance" select "Click here to submit Electronic Appearance". Select the case name, complete the required fields and click "Submit" to complete your appearance.**
>
> **If you object to the relief requested or you believe that emergency consideration is not warranted, you must either appear at the hearing or file a written response prior to the hearing. Otherwise, the Court may treat the pleading as unopposed and grant the relief requested.**
>
> **Relief is requested not later than June 28, 2021.**

---

[1] The last four digits of the Debtor's federal tax identification number are: 7872. The location of the Debtor's principal place of business and the service address for the Debtor is: 8580 Woodway Drive Houston, Texas 77063.

**TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:**

Buckingham Senior Living Community, Inc. ("The Buckingham" or the "Debtor"), files this *Emergency Motion for an Order Authorizing the Debtor to (i) Escrow Post-Petition Entrance Fees and (ii) Refund Certain Entrance Fees* (the "Motion").  In support of the Motion, the Debtor incorporates the *Declaration of Michael Wyse in Support of the Voluntary Petition, First Day Motions, and Designation as Complex Chapter 11 Case* (the "First Day Declaration")[2] filed contemporaneously herewith.

## JURISDICTION AND VENUE

1.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334 and 157. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b).

2.      Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      The statutory predicates for the relief requested in this Motion are 11 U.S.C. §§ 105 and 363, as complemented by the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and the Local Rules of this Court.

## PROCEDURAL BACKGROUND

4.      On the date hereof (the "Petition Date"), the Debtor commenced this case (the "Case") by filing a voluntary petition under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

5.      The Debtor has continued to operate and manage its business and affairs as debtor-in-possession, pursuant to Bankruptcy Code sections 1107 and 1108(a).

---

[2] All capitalized terms not expressly defined herein shall have the same meaning as ascribed in the First Day Declaration.

6.      The Office of the United States Trustee (the "U.S. Trustee") has not appointed an official committee of unsecured creditors in this Case.

## RELEVANT FACTUAL BACKGROUND

7.      As detailed in the First Day Declaration, the Debtor, like many Continuing Care Retirement Communities (a "CCRC"), requires its residents (the "Residents") to pay a significant fee (the "Entrance Fee") upon moving into the Debtor's community located at 8580 Woodway Drive Houston, Texas 77063 (the "Community").   If, after moving into the Community, (a) a Resident terminates its life care agreement (the "Residence Agreement") with The Buckingham; (b) a Resident dies; or (c) the Debtor terminates the Residence Agreement pursuant to the terms of the Residence Agreement, the Resident may become entitled to a refund of all or a portion of such Resident's Entrance Fee.

8.      By this Motion, the Debtor seeks authority to enter into an escrow agreement substantially in the form attached as **Exhibit A** (the "Escrow Agreement") with UMB Bank, N.A., and Regions Bank (the "Escrow Agent"),[3] whereby Entrance Fees paid to the Debtor by Residents entering into the Community will be held in an account maintained by the Escrow Agent (the "Escrow Account") for the benefit of such Residents as set forth in the Escrow Agreement.

9.      Additional factual information regarding the Debtor, including the Debtor's business and indebtedness, and the events leading to this chapter 11 Case is contained in the First Day Declaration.

## RELIEF REQUESTED

10.      By this Motion, the Debtor respectfully requests the entry of an order, substantially in the form attached as **Exhibit B** (the "Order"):

---

[3] Regions Bank is insured by the Federal Deposit Insurance Corporation, and is on the U.S. Trustee's list of approved depositories.

(a)     authorizing the Debtor to enter into the Escrow Agreement;

(b)     authorizing the Debtor to deposit all Entrance Fees collected post-petition in connection with any and all Residence Agreements into the Escrow Account,[4] where such funds shall remain until the earlier of (i) the occurrence of a Refund Event (as defined below); or (ii) entrance by this Court of a subsequent Order authorizing the release of the Entrance Fees;

(c)     authorizing the Debtor to amend the form of Residence Agreement for use with residents who enter the Community post-petition (a "New Resident") stating that such New Residents shall be entitled to refunds of their respective Entrance Fees, to the extent deposited in the Escrow Account during the pendency of this Case, if such New Resident(s) becomes entitled to such a refund under his or her Residence Agreement during the pendency of this Case; and

(d)     authorizing the Escrow Agent to refund the Entrance Fee held in the Escrow Account to the respective New Resident or beneficiaries to the extent (each, a "Refund Event"):

    (1)     the New Resident is entitled to such a refund under his or her Residence Agreement; or

    (2)     the Community closes.

## BASIS FOR RELIEF REQUESTED

11.     The Debtor submits that the relief requested herein is necessary because Entrance Fees required under the Residence Agreements are the lifeblood of the Debtor's operations. Entrance Fees account for a significant portion of the Debtor's annual operating budget and the collection of such amounts is critical to the Debtor's ability to reorganize, including its ability to continue as a going-concern. Providing the relief requested in this Motion maintains the status-quo pending a resolution of this Case.

12.     Upon confirmation of a plan or a disposition of all or substantially all of the Debtor's assets (each, a "Trigger Event"), the Escrow Agent will disburse the Entrance Fees to the appropriate party pursuant to further order of this Court. Moreover, upon a Refund Event, the

---

[4] The Escrow Account will also contain Entrance Fees escrowed pursuant to the Forbearance Agreement (as defined in the First Day Declaration), in addition to Entrance Fees received post-petition.

Entrance Fees will be returned from the Escrow Account to the New Resident who made such payments. Any restriction preventing the Debtor from guaranteeing prospective residents that their Entrance Fees will be returned upon the occurrence of a Refund Event would have a devastating effect on the Debtor's operations. Accordingly, the Debtor seeks authorization to escrow all Entrance Fees received post-petition in order to protect the New Residents' interest with respect thereto.

13.     The relief requested herein is necessary to provide assurance to New Residents that the Debtor's bankruptcy Case will not affect such New Residents' right to a refund. Any negative publicity suggesting that the Debtor is in bankruptcy will necessarily deter prospective Residents from entering into new Residence Agreements, which are the precursors to the Debtor's receipt of future Entrance Fees.

14.     The Debtor anticipates a decrease in the amount of Entrance Fees received due to a decrease in New Residents during its bankruptcy Case. The Debtor is hopeful, however, that the relief sought in this Motion will provide New Residents with comfort that during the bankruptcy, such New Residents can elect to leave the Community and receive a refund of their Entrance Fee to the extent provided for in their Residence Agreements. The Debtor believes that these modifications are critical to obtaining new Entrance Fees during this Case.

15.     The ability of a New Resident to elect to leave the Community is necessary to provide prospective residents with the peace of mind that, during the pendency of the Debtor's Case, the Residents are not held captive by their obligations under the Residence Agreements. The current requirement that a New Resident pay an Entrance Fee before the refund of an exiting Resident's Entrance Fee would necessarily deter prospective residents from entering into Residence Agreements while the Debtor's case is pending. Allowing prospective residents to have

a "free look" at whether or not the Community is operating effectively while this Case is pending should drastically increase the willingness of prospective residents to pay an Entrance Fee. Because Entrance Fees are critical to the Debtor's operations, the provision regarding the return of the Entrance Fees should be amended to encourage prospective residents to reside at the Community.

16.     Of significant importance to a prospective resident's peace of mind is the knowledge that should the Community close, his or her Entrance Fee would be promptly refunded. Should a Refund Event happen, the Residents' access to their Entrance Fees to the extent provided for in their Residence Agreements is imperative.  The Entrance Fees are relatively large sums of money paid by each individual Resident and would likely be necessary for the Resident to secure alternative housing upon a Refund Event.  If prospective residents were not certain that their Entrance Fees would be returned upon a Refund Event, such residents would be discouraged from choosing to reside at the Community.

17.     The placement of the Entrance Fees in the Escrow Account during the pendency of this Case is necessary to protect prospective residents' interests in an Entrance Fee.   Upon a Trigger Event, however, such protection will no longer be necessary because the Debtor will no longer be a chapter 11 debtor.  Also, upon the occurrence of a Trigger Event, the escrowed Entrance Fees shall be disbursed by the Escrow Agent pursuant to further order of the Court.

18.     Relief similar to the relief requested herein has been granted in CCRC bankruptcy cases.[5]

---

[5] *See e.g., In re SQLC Senior Living Center at Corpus Christi, Inc. d/b/a Mirador*, Case No. 19-20063 (DRJ) (Bankr. S.D. Tex. Feb. 8, 2019) [Dkt. No. 44];  *In re Devonshire PGA Holdings, LLC*, Case No. 13-12460 (Bankr. D. Del. Sept. 23, 2013) [Dkt. No. 31]; *In re Virginia United Methodist Homes of Williamsburg, Inc.*, Case No. 13-31098 (Bankr. E.D. Va. Mar. 6, 2013) [Dkt. No. 62]; *In re CWT Liquidation Co.*, Case No. 11- 46151 (Bankr. N.D. Ill. Jan. 11, 2012) [Dkt. No. 154]; *In re Fairview Ministries, Inc.*, Case No. 11-04386 (Bankr. N.D. Ill. Feb. 9, 2011) [Dkt. No. 14]; *In re Hingham Campus et al.*, Case No. 11-33912 (Bankr. N.D. Tex. June 21, 2011) [Dkt. No. 73]; *In re*

19.     This Motion provides a practical approach to protect the interests of prospective residents in their Entrance Fees during the pendency of this Case and provides for the proper transfer of the Entrance Fees upon a Refund Event.[6]  The relief requested herein is reasonable under the circumstances and will maximize the value of the Debtor's estate by encouraging prospective residents to choose to live at the Debtor's Community and thereby pay an Entrance Fee.

## RESERVATION OF RIGHTS

20.     Nothing contained herein is intended or should be construed as an admission of the validity of any claim against the Debtor, a waiver of the Debtor's right to dispute any claim, or an approval or assumption of any agreement, contract or lease under Bankruptcy Code section 365.

## REQUEST FOR IMMEDIATE RELIEF

21.     Bankruptcy Rule 6003 provides that to the extent relief is necessary to avoid immediate and irreparable harm, a bankruptcy court may approve a motion "to pay all or a part of a claim that arose before the filing of the petition" before 21 days after the Petition Date.[7]  As described above, the Debtor's business and operations rely heavily on its abilities to attract New Residents to its Community.  Without assurance that the New Resident's Entrance Fee will be kept safe, New Residents are unlikely to choose to move into the Community.  The Debtor submits that the relief requested in this Motion is necessary to avoid immediate and irreparable harm to the Debtor and that Bankruptcy Rule 6003 has been satisfied.

---

*Lincolnshire Campus, LLC*, et al., Case No. 10-34176 (Bankr. N.D. Tex. June 15, 2010) [Dkt. Nos. 72, 73]; *In re Erickson Retirement Cmtys., LLC*, Case No. 09-37010 (Bankr. N.D. Tex. Oct. 19, 2009) [Dkt. No. 271].

[6] Upon the occurrence of a Trigger Event, the Debtor will seek appropriate relief from the Court with respect to the release of the Entrance Fees.

[7] Fed. Rule Bankr. P. Procedure 6003.

22.     Also, to the extent applicable, to successfully implement the foregoing, the Debtor requests a waiver of the notice requirements of Bankruptcy Rule 6004(a) and the 14-day stay under Bankruptcy Rule 6004(h).

## NOTICE

23.     Notice of this Motion has been provided to: (a) the United States Trustee for the Southern District of Texas; (b) the Debtor's 30 largest unsecured creditors; (c) the Debtor's 30 largest unsecured vendors; (d) counsel to the DIP Lenders and the Bond Trustee; (e) counsel for the Special Residents Committee; (f) the Internal Revenue Service; (g) persons listed on the proposed Master Service List; (h) persons who have filed a request for notice pursuant to Bankruptcy Rule 2002; (i) any party required to be served under the Bankruptcy Rules; (j) the Office of the Attorney General for the State of Texas; and (k) such other government agencies to the extent required by the Bankruptcy Rules and the Local Rules.  The Debtor submits that no other or further notice need be provided.

## PRAYER

**WHEREFORE**, the Debtor respectfully requests that this Court enter an order granting the relief requested herein and such other and further relief as this Court may deem proper, both at law and in equity.

*[remainder of the page intentionally left blank]*

**DATED**: June 25, 2021
         Houston, Texas

Respectfully submitted,

**THOMPSON & KNIGHT LLP**

By: /s/ *Demetra Liggins*
Demetra Liggins
State Bar No. 24026844
811 Main Street, Suite 2500
Houston, TX 77002
Telephone: (713) 654-8111
Facsimile: (713) 654-1871

and

Cassandra Sepanik Shoemaker
State Bar No. 24070592
Christopher A. Bailey
State Bar No. 24104598
1722 Routh Street, Suite 1500
Dallas, Texas 75201
Telephone: (214) 969-1700
Facsimile: (214) 999-9133

**PROPOSED COUNSEL FOR DEBTOR**