

ENTERED
07/15/2021

IN THE UNITED STATES BANKRUPTCY COURT FOR
THE SOUTHERN DISTRICT OF TEXAS HOUSTON
DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | CASE NO. 21-32155 (MI) |
| BUCKINGHAM SENIOR LIVING | § | |
| COMMUNITY, INC.[1] | § | CHAPTER 11 |
| | § | |
| Debtor. | § | Re: Dkt. No. 3 |
| | § | |

**THIRD INTERIM ORDER GRANTING EMERGENCY MOTION OF THE DEBTOR FOR AN ORDER AUTHORIZING THE DEBTOR TO ESCROW CERTAIN ENTRANCE FEES AND REFUND CERTAIN ENTRANCE FEES**

Having considered Buckingham Senior Living Community, Inc.'s ("The Buckingham" or the "Debtor") *Emergency Motion of the Debtor for an Order Authorizing the Debtor to (i) Escrow Post-Petition Entrance Fees, and (ii) Refund Certain Entrance Fees* (the "Motion"),[2] and the evidence and arguments presented at the hearing, the Court finds that: (a) jurisdiction over the matters in the Motion is proper pursuant to 28 U.S.C. § 1334; (b) venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409; (c) proper and adequate notice of the Motion has been provided and no further notice is needed; (d) the relief sought in the Motion is in the best interest of the Debtor's estate, its creditors, and all parties-in-interest; and (e) good and sufficient cause exists for granting the relief requested in the Motion. Accordingly, it is

**ORDERED** that the Debtor is:

(a) authorized to enter into the Escrow Agreement; and

(b) authorized to deposit any entrance fees (the "Interim Entrance Fees") received from June 25, 2021 through and including July 27, 2021 in connection with any and all life care agreements (the "Residence Agreements") into an escrow account (the "Escrow Account") maintained

---

[1] The last four digits of the Debtor's federal tax identification number are: 7872. The location of the Debtor's principal place of business and the service address for the Debtor is: 8580 Woodway Drive Houston, Texas 77063.

[2] All capitalized terms not defined herein shall have the meaning ascribed to them in the Motion.

by Regions Bank (the "Escrow Agent"), where such Interim Entrance Fees shall remain until the occurrence of a Refund Event (as defined below), or until their release is authorized pursuant to further order of this Court.

It is further **ORDERED** that the Escrow Agent is:

(a) authorized to return Interim Entrance Fees in the Escrow Account to the resident making such deposit (a "New Resident") to the extent (each, a "RefundEvent"):

(1) the New Resident is entitled to such a refund under his or her Residence Agreement; or

(2) the Facility closes.

It is further **ORDERED** that nothing contained in this Interim Order shall cause the Interim Entrance Fees contained in the Escrow Account to become property of this bankruptcy estate. It is further

**ORDERED** that nothing contained in the Motion or this Interim Order shall be deemed as (a) an assumption, adoption, or rejection or any agreement, contract, or lease under section 365 of the Bankruptcy Code; (b) an admission that any agreement, contract or lease is an executory contract or unexpired lease as contemplated under section 365 of the Bankruptcy Code; or (c) a waiver of any Debtors' or any other party in interest's rights under the Bankruptcy Code or any other applicable law. It is further

**ORDERED** that, notwithstanding anything to the contrary in this Interim Order or the Motion, any payment, obligations, or other relief authorized by this Interim Order shall be subject to the terms, conditions, and limitations of the order of this Court approving any debtor in possession financing and cash collateral use, including any budget in connection therewith. It is further

**ORDERED** that, notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Interim Order shall be effective immediately and enforceable upon its entry. It is further

**ORDERED** that Federal Rule of Bankruptcy Procedure 6003(b) has been satisfied because

the relief requested in the Motion is necessary to avoid immediate and irreparable harm. It is further

**ORDERED** that the deadline by which an interested party must file objections, if any, to the escrow of Entrance Fees is **July 22, 2021 at 5:00 p.m. (prevailing Central Time)**. It is further

**ORDERED** that a final hearing will be held on **July 27, 2021 at 9:00 a.m. (prevailing Central Time)**. It is further

**ORDERED** that in the event that a Final Order is entered modifying or terminating the terms of the Escrow Agreement and/or the Escrow Account, such modification or termination will not impact the protection of the Interim Entrance Fees and such Interim Entrance Fees will continue to be separate property from this bankruptcy estate. It is further

**ORDERED** that the Debtor, and its officers, employees, and agents, are authorized to take or refrain from taking such acts as are necessary and appropriate to implement and effectuate the relief requested herein. It is further

**ORDERED** that, notwithstanding anything herein, the Debtor must comply with all applicable laws regarding the escrow of Entrance Fees, including, without limitation, Chapter 246 of the Texas Health & Safety Code. It is further

**ORDERED** that this Court retains jurisdiction over all matters arising from or related to the interpretation and implementation of this Interim Order.

Signed: July 15, 2021

_____
Marvin Isgur
United States Bankruptcy Judge