United States Bankruptcy Court
Southern District of Texas
**ENTERED**
August 18, 2021
Nathan Ochsner, Clerk

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | CASE NO. 21-32155 (MI) |
| BUCKINGHAM SENIOR LIVING | § | |
| COMMUNITY, INC.[1] | § | CHAPTER 11 |
| | § | |
| Debtor. | § | |
| | § | |

### ORDER EMPLOYING GLASSRATNER ADVISORY & CAPITAL GROUP, LLC DBA B. RILEY ADVISORY SERVICES AS FINANCIAL ADVISOR TO THE DEBTOR IN POSSESSION

Having considered (a) the Application of Buckingham Senior Living Community, Inc. (the "Debtor") to employ GlassRatner Advisory & Capital Group, LLC dba B. Riley Advisory Services ("B. Riley") as its financial advisor, and (b) the Declaration of Tom Buck in Support of the Application (the "Buck Declaration"), the Court finds that: (a) jurisdiction over the matters in the Application is proper pursuant to 28 U.S.C. § 1334; (b) venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409; (c) proper and adequate notice of the Application has been provided and no further notice is needed; (d) the relief sought in the Application is in the best interest of the Debtor, its estate, the creditors, and all parties-in-interests; and (e) good and sufficient cause exists for granting the relief in the Application. The Court further finds that: (a) this Application is in full compliance with all applicable provisions of the Bankruptcy Rules and the Local Rules; (b) B. Riley does not hold or represent any interest adverse to the Debtor or its estate is a "disinterested person" as defined in Section 101(4) of the Bankruptcy Code as modified by Section 1107(b) of the Bankruptcy Code

---

[1] The last four digits of the Debtor's federal tax identification number are: 7872. The location of the Debtor's principal place of business and the service address for the Debtor is: 8580 Woodway Drive Houston, Texas 77063.

and as required by Section 327(a) of the Bankruptcy Code; and (c) the requisite time period has run since the filing of the Application pursuant to Bankruptcy Rule 6003 and no objection to the Application has been filed. It is, therefore,

**ORDERED** that the Debtor is authorized to employ B. Riley as financial advisor as of the Petition Date, to provide services to the Debtor that are necessary or appropriate in connection with this bankruptcy case, including but not limited to:

(a) assisting the Debtor with first day order data collection;

(b) assisting the Debtor with financial reporting;

(c) assisting the Debtor with liquidity projections;

(d) assisting the Debtor with negotiations with various stakeholders;

(e) assisting the Debtor in preparation of the statutory reporting requirements during the Case, including the statements of financial affairs and associated schedules and, during the pendency of the case, the monthly operating reports;

(f) assisting the Debtor with the preparation of reports for, and communications with, the Bankruptcy Court, creditors, and any other constituents;

(g) reviewing, evaluating and analyzing the financial ramifications of proposed transactions for which the Debtor may seek Bankruptcy Court approval;

(h) assisting the Debtor in developing and supporting a proposed Plan of Reorganization;

(i) rendering Bankruptcy Court testimony in connection with the foregoing, as required, on behalf of the Debtor; and/or

(j) any other duty or task which falls within the normal responsibilities of a financial advisor at the direction of the Debtor's management or board.

It is further

**ORDERED** that B. Riley shall file applications for monthly, interim, and final allowance of compensation and reimbursement of expenses pursuant to the procedures set forth in Bankruptcy Code sections 330 and 331, such Bankruptcy Rules and Local Bankruptcy

ORDER EMPLOYING B. RILEY                                                                                     PAGE 2
148068403

Rules as may then be applicable, and any applicable orders and procedures of this Court, including any interim compensation order. For billing purposes, B. Riley shall keep its time in one tenth (1/10) hour increments.  It is further

**ORDERED** that B. Riley shall provide ten-business-days' notice to the Debtor, the U.S. Trustee, and any official committee before any increases in the hourly rates set forth in the Application or the Engagement Letter are implemented. The U.S. Trustee retains all rights to object to any rate increase on all grounds, including the reasonableness standard set forth in section 330 of the Bankruptcy Code, and the Court retains the right to review any rate increase pursuant to section 330 of the Bankruptcy Code.  It is further

**ORDERED** that in the event that, during the pendency of this case, B. Riley seeks reimbursement for any attorneys' fees and/or expenses, the invoices and supporting time records from such attorneys shall be included in B. Riley's fee applications and such invoices and time records shall be in compliance with the Bankruptcy Local Rules, and shall be subject to approval of the Court under the standards of Bankruptcy Code sections 330 and 331, without regard to whether such attorney has been retained under Bankruptcy Code section 327; *provided, however*, that B. Riley shall not seek reimbursement from the Debtor's estate for any fees incurred in defending any of B. Riley's fee applications in this bankruptcy case; and *further, provided, however*, that B. Riley shall not charge a markup to the Debtor with respect to fees billed by contract attorneys who are hired by B. Riley and shall ensure that any such contract attorneys are subject to conflict checks and disclosures in accordance with the requirements of the Bankruptcy Code and Bankruptcy Rules.  It is further

**ORDERED** that to the extent there is inconsistency between the terms of the Engagement Letter, the Application, the Buck Declaration and this Order, the terms of this Order shall govern. It is further

**ORDERED** that B. Riley shall use its best efforts, and will coordinate with the Debtor and its other retained professionals, not to duplicate any of the services provided to the Debtor by any of its other retained professionals. It is further

**ORDERED** that any and all fees must be approved by this Court prior to payment, subject to any order on interim fee procedures. It is further

**ORDERED** that the indemnification provisions included in the Application and Engagement Letter and its attachments are approved, subject to the following:

(a) B. Riley shall not be entitled to indemnification, contribution or reimbursement for services other than those described in the Engagement Letter and the Application, unless such services and indemnification therefor are approved by the Court; provided, that to the extent additional engagement letter(s) are filed with the Court and no parties object to such engagement letter(s) in accordance with the procedures described in the immediately preceding Ordered paragraph, such engagement letter(s) shall be deemed approved by the Court;

(b) The Debtor shall have no obligation to indemnify B. Riley, or provide contribution or reimbursement to B. Riley, for any claim or expense that is either: (i) judicially determined (the determination having become final) to have arisen from B. Riley's actual fraud, bad faith, self-dealing, breach of fiduciary duty (if any such duty exists), gross negligence or willful misconduct; or (ii) judicially determined (the determination having become final), to be based on a breach of B. Riley contractual obligations to the Debtor; or (iii) settled prior to a judicial determination as to the exclusions set forth in clauses (i) and (ii) immediately above, but determined by the Court, after notice and a hearing to be a claim or expense for which B. Riley should not receive indemnity, contribution or reimbursement under the terms of B. Riley's retention by the Debtor pursuant to the terms of the Engagement Letters and Application, as modified by this Order; and

(c) If, before the earlier of: (i) the entry of an order confirming a chapter 11 plan in this case (that order having become a final order no longer subject to appeal); and (ii) the entry of an order closing these chapter 11 cases, B. Riley believes that it is entitled to the payment of any amounts by the Debtor on

account of the Debtor's indemnification, contribution and/or reimbursement obligations under the Engagement Letters (as modified by this Order) and Application, including without limitation the advancement of defense costs, B. Riley must file an application therefor in this Court, and the Debtor may not pay any such amounts to B. Riley before the entry of an order by this Court approving the payment. This subparagraph (c) is intended only to specify the period of time under which the Court shall have jurisdiction over any request for fees and expenses by B. Riley for indemnification, contribution or reimbursement, and not a provision limiting the duration of the Debtor's obligation to indemnify B. Riley. All parties in interest shall retain the right to object to any demand by B. Riley for indemnification, contribution or reimbursement.

It is further

**ORDERED** that, should the Debtor desire B. Riley to perform any additional professional services other than those authorized herein, or should the Debtor desire to hire additional advisors, leave is hereby granted for Debtor to file such other motions, applications or supplemental applications as may be necessary. It is further

**ORDERED** that B. Riley will review its files periodically during the pendency of this chapter 11 case to ensure that no conflicts or other disqualifying circumstances exist or arise. If any new relevant facts or relationships are discovered or arise, B. Riley will use reasonable efforts to identify such further developments and will promptly file a supplemental declaration, as required by Fed. R. Bankr. P. 2014(a). It is further

**ORDERED** that this Order shall be effective as of the Petition Date and shall take effect immediately upon its entry. It is further

**ORDERED** that this Court retains jurisdiction to hear and consider all disputes arising out of the interpretation or implementation of this Order.

Signed: August 18, 2021

_____
Marvin Isgur
United States Bankruptcy Judge