IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| IN RE: § <br> § <br> BUCKINGHAM SENIOR LIVING § <br> COMMUNITY, INC.[1] § <br> § <br> Reorganized Debtor. § <br> § | CASE NO. 21-32155 (MI) <br><br> CHAPTER 11 |

**COMPLEX CASE FEE APPLICATION COVER SHEET (HOURLY) FOR
THE FIRST AND FINAL APPLICATION OF ONEPOINT PARTNERS, LLC,
AS FINANCIAL ADVISOR TO THE OFFICIAL COMMITTEE OF UNSECURED
CREDITORS, FOR ALLOWANCE AND PAYMENT OF FEES AND EXPENSES
INCURRED FOR THE PERIOD FROM AUGUST 3, 2021 THROUGH AND
INLCUDING NOVEMBER 30, 2021**

| Name of Applicant: | OnePoint Partners, LLC |
|---|---|
| Applicant's Role in Case: | Financial Advisor to the Official Committee of Unsecured Creditors |
| Docket No. of Employment Order(s): | Docket No. 286, effective as of 08/03/21 |
| Interim Application (  )   No. __N/A__ <br> Final Application    (X) | First and final fee application. |

| | Beginning Date | End Date |
|---|---|---|
| Time period covered by this Application for which interim compensation has not previously been awarded: | 08/03/21 | 11/30/21 |
| Were the services provided necessary to the administration of or beneficial at the time rendered toward the completion of the case?  (Yes) | | |
| Were the services performed in a reasonable amount of time commensurate with the complexity, importance and nature of the issues addressed? (Yes) | | |
| Is the requested compensation reasonable based on the customary compensation charged by comparably skilled practitioners in other non-bankruptcy cases? (Yes) | | |
| Do expense reimbursements represent actual and necessary expenses incurred? (Yes) | | |
| Compensation Breakdown for Time Period Covered by this Application | | |
| Total professional fees requested in this Application: | | $135,554.17 |
| Total professional hours covered by this Application: | | 273.58 |
| Average hourly rate for professionals: | | $450.00 |
| Total paraprofessional fees requested in this Application: | | $0.00 |

---

[1] The last four digits of the Debtor's federal tax identification number are: 7872.  The location of the Debtor's principal place of business and the service address for the Debtor is: 8580 Woodway Drive Houston, Texas 77063.

| | |
|---|---:|
| **Total paraprofessional hours covered by this Application:** | 0.00 |
| **Average hourly rate for paraprofessionals:** | $0.00 |
| **Total fees requested in this Application:** | $135,554.17 |
| **Total expense reimbursements requested in this Application:** | $299.00 |
| **Total fees and expenses requested in this Application:** | $135,853.17 |
| **Total fees and expenses awarded in all prior Applications:** | $0.00 |

**Plan Status:** The confirmation hearing regarding the Debtor's[2] *First Amended Chapter 11 Plan of Reorganization* (the "Plan") was held on November 9, 2021, and on that same date the Bankruptcy Court entered the Confirmation Order [Docket No. 493]. The Plan's effective date occurred on November 30, 2021 [Docket No. 521].

**Primary Benefits:** During the Fee Period, for and on behalf of the Committee, OnePoint's efforts focused primarily on (i) analyzing the Debtor's Original Plan (as defined below) and its related financial projections and presenting its observations and proposed modifications to the Committee; (ii) requesting the Debtor's financial advisor conduct various sensitivity tests using lowered occupancy levels than those reflected in the occupancy assumptions used in the Original Plan, as well as alternative cash flow scenarios, and analyzing the results and reporting its assessment of same to the Committee; and (iii) aiding in contract negotiations of the Debtor's property manager, Greystone Management Services, LLC.

---

[2] Unless otherwise noted, capitalized terms used but not defined herein shall have the meanings ascribed to them in the Plan.

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| IN RE: § | |
| § | CASE NO. 21-32155 (MI) |
| BUCKINGHAM SENIOR LIVING § | |
| COMMUNITY, INC.[1] § | CHAPTER 11 |
| § | |
| Reorganized Debtor. § | |
| § | |

**FIRST AND FINAL APPLICATION OF ONEPOINT PARTNERS, LLC, AS FINANCIAL ADVISOR TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS, FOR ALLOWANCE AND PAYMENT OF FEES AND EXPENSES INCURRED FOR THE <u>PERIOD OF AUGUST 3, 2021 THROUGH AND INCLUDING NOVEMBER 30, 2021</u>**

> **This application seeks an order that may adversely affect you. If you oppose the application, you should immediately contact the moving party to resolve the dispute. If you and the moving party cannot agree, you must file a response and send a copy to the moving party. You must file and serve your response within 21 days of the date this was served on you. Your response must state why the application should not be granted. If you do not file a timely response, the relief may be granted without further notice to you. If you oppose the application and have not reached an agreement, you must attend the hearing. Unless the parties agree otherwise, the court may consider evidence at the hearing and may decide the application at the hearing.**
>
> **Represented parties should act through their attorney.**

OnePoint Partners, LLC ("**OnePoint**") hereby submits this *First and Final Application of OnePoint Partners, LLC, as Financial Advisor to the Official Committee of Unsecured Creditors, for Allowance and Payment of Fees and Expenses Incurred for the Period of August 3, 2021 Through and Including November 30, 2021* (the "**Application**"). In support of this Application, OnePoint respectfully states as follows:

---

[1] The last four digits of the Debtor's federal tax identification number are: 7872. The location of the Debtor's principal place of business and the service address for the Debtor is: 8580 Woodway Drive Houston, Texas 77063.

**SUMMARY OF RELIEF REQUESTED**

1. By this Application, OnePoint, as financial advisor for the Official Committee of Unsecured Creditors (the "**Committee**") appointed in this Chapter 11 Case, requests entry of an order, substantially in the form attached hereto:

    a) awarding OnePoint on a final basis compensation for services rendered in the total amount of $135,554.17 and reimbursement of actual and necessary expenses in the total amount of $299.00, totaling $135,853.17, for the period from August 3, 2021 through and including November 30, 2021 (the "**Application Period**");

    b) authorizing the Debtor to pay to OnePoint the total amount of $135,853.17 for the Application Period, less any amounts previously paid to OnePoint by the Debtor; and

    c) granting such other relief as is appropriate under the circumstances.

2. In support of the relief requested in this Application, attached hereto are the following exhibits:

    a) Exhibit B-1 – invoice covering the period from August 3, 2021 through and including August 30, 2021;

    b) Exhibit B-2 – invoice covering the period from September 1, 2021 through and including September 30, 2021;

    c) Exhibit B-3 – invoice covering the period from October 1, 2021 through and including October 31, 2021;

    d) Exhibit B-4 – invoice covering the period from November 1, 2021 through November 30, 2021, which has not been submitted with the Notice Parties (as defined in the Interim Compensation Order (as defined below));

    e) Exhibit C – summary of time and fees during the Application Period; and

f)  Exhibit D – summary of expenses incurred during the Application Period.

## JURISDICTION AND VENUE

3. The United States Bankruptcy Court for the Southern District of Texas (the "**Court**") has jurisdiction over this matter pursuant to 28 U.S.C. § 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b), and this Court may enter a final order consistent with Article III of the United States Constitution.  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4. The bases for the relief requested in this Application are sections 330 and 331 of title 11 of the United States Code (the "**Bankruptcy Code**"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), Rule 2016-1 of the Bankruptcy Local Rules for the Southern District of Texas (the "**Bankruptcy Local Rules**"), and the Procedures for Complex Cases in the United States Bankruptcy Court for the Southern District of Texas (the "**Complex Case Procedures**"), with recognition of the *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases Effective as of November 1, 2013* (the "**U.S. Trustee Guidelines**").

## BACKGROUND

5. On June 25, 2021, the Debtor commenced this Chapter 11 Case by filing a voluntary petition under chapter 11 of title 11 of the Bankruptcy Code (the "Petition Date").  The Debtor has continued to operate and manage its business and affairs as debtor-in-possession pursuant to sections 1107 and 1108(a) of the Bankruptcy Code.  No trustee or examiner has been appointed in this Chapter 11 Case.

6. On the Petition Date, the Debtor filed the *Chapter 11 Plan of Reorganization* (the "**Original Plan**") [Docket No. 21].

7. On July 12, 2021, the Office of the United States Trustee for the Southern District of Texas (the "**U.S. Trustee**") filed the *Notice of Appointment of Creditors' Committee* [Docket No. 97].

8. On July 13, 2021, the Committee selected Hunton Andrews Kurth to serve as its legal counsel. Since that date and through the Effective Date, at the Committee's request, Hunton Andrews Kurth provided valuable services to the Committee concerning the contemplated restructuring of the Debtor.

9. On July 30, 2021, then-Committee member Mr. Kendall Montgomery notified the U.S. Trustee and the Committee via e-mail of his resignation from the Committee.

10. On August 3, 2021, the U.S. Trustee appointed Mr. Joe Redden, Jr., in his capacity as representative of the Estate of Katherine Louise Redden, as the seventh member of the Committee in place of Mr. Montgomery following his resignation [Docket No. 147]. The members of the Committee, as of the Effective Date, were: (i) Robert P. Larkins, (ii) David Mast, as representative of Mildred Mast, (iii) Joe Redden, Jr., in his capacity as representative of the Estate of Katherine Louise Redden; (iv) Gayle Quisenberry, (v) Martin Raymond; (vi) Randy Woelfel, in his capacity as representative of the Estate of Maxine Woelfel; and (vii) Carolyn Yapp, in her capacity as representative of the Estate of Sharon Yapp.

11. On August 19, 2021, Mr. Montgomery filed the *Emergency Motion of Creditor Kendall C. Montgomery, as Representative of the Estate of C. Hunter Montgomery, for Entry of an Order (A) Modifying the Order Sealing Resident Matrix and (B) Ordering Limited Disclosure of Unredacted Resident Matrix* (the "**Montgomery Motion**") [Docket No. 206].

4

12. On August 20, 2021, the Court filed on the docket as the *Motion to Appoint Separate Committee of Former Residents* an e-mail the Court received from Mr. Eddie Knebel on August 19, 2021 requesting the appointment of a committee to solely represent the interests of former residents of the Debtor (the "**Knebel Motion**") [Docket No. 219].

13. On August 24, 2021, the Texas Health and Human Services Commission filed its objection to the Montgomery Motion [Docket No. 234], and on August 31, 2021, the Committee filed its statement in opposition of the Montgomery Motion [Docket No. 264].

14. On August 30, 2021, the Committee and the Debtor filed oppositions against the Knebel Motion [Docket Nos. 258, 261]. On August 31, 2021, the U.S. Trustee filed its opposition against the Knebel Motion [Docket No. 267].

15. Upon information and belief, around the end of August 2021 and beginning of September 2021, the Ad Hoc Committee of Class 5 Pre-Petition Refund Queue Claimants (the "**Ad Hoc Committee**") was formed.

16. On September 1, 2021, the Court held a hearing on the Knebel Motion and denied the requested relief to appoint a committee solely for former residents.

17. On September 13, 2021, the Ad Hoc Committee filed its joinder to the Montgomery Motion [Docket No. 290].

18. On September 14, 2021, the Court held a hearing and denied the relief requested in the Montgomery Motion to unredact the resident matrix, and instead established a procedure in which Mr. Montgomery and the Ad Hoc Committee could distribute communications to Former Resident Refund Queue Claimants without violating the Health Insurance Portability and Accountability Act of 1996 ("**HIPAA**").

5

19. On September 19, 2021, as a result of negotiations with the Committee and its legal and financial restructuring advisors, the Debtor filed its *First Amended Chapter 11 Plan of Reorganization* (as amended, modified, or supplemented, the "**Plan**") [Docket No. 309].

20. On October 18, 2021, the Ad Hoc Committee filed the *Ad Hoc Committee of Refund Claimants' Emergency Motion for Entry of an Order Compelling Mediation of Plan and Confirmation-Related Disputes* (the "**Motion to Compel Mediation**") [Docket No. 363].

21. On October 19, 2021, the Debtor and UMB Bank, N.A. ("**UMB**"), as Bond Trustee, each filed objections to the Motion to Compel Mediation, and the Committee filed a joinder to the Debtor's objection opposing the Motion to Compel Mediation [Docket Nos. 371, 372, 373].

22. On October 20, 2021, the Court held a hearing on the Motion to Compel Mediation and denied the relief requested therein.

23. On November 9, 2021, the Court entered the *Findings of Fact, Conclusions of Law, and Order Confirming the Debtor's First Amended Chapter 11 Plan of Reorganization* (the "**Confirmation Order**") [Docket No. 493].

24. On November 30, 2021, the Plan was substantially consummated, and the Effective Date (as defined in the Plan) occurred.[2]

**TERMS OF ONEPOINT'S RETENTION**

25. The Retention Order authorized the compensation of OnePoint pursuant to section 328(a) of the Bankruptcy Code on an hourly fee basis ranging from $350 (Senior Analyst) to $500 (Partner), as set forth in further detail in the Retention Application. There is no agreement or

---

[2] *See Notice of Entry of Confirmation Order and Occurrence of Effective Date* [Docket No. 521].

understanding between OnePoint and any other person, other than members of the firm, for the sharing of compensation to be received for services rendered on behalf of the Debtor.

26. In addition to the compensation payable to OnePoint under the Retention Order, as set forth in the Retention Application, the Retention Order provides that OnePoint will be reimbursed for reasonable and necessary out-of-pocket expenses incurred in connection with its engagement by the Committee.

### SUMMARY OF SERVICES RENDERED

27. OnePoint is a financial advisory firm that provides strategic advisory, financial analysis, and capital growth strategy, development, and operation services, particularly in the senior living and care industry. OnePoint has extensive experience in this niche industry.

28. During the Application Period, OnePoint performed significant services on behalf of the Committee, including, but not limited to:

a) reviewing the Debtor's Original Plan and its related financial projections;

b) analyzing the Debtor's marketing strategy;

c) requesting that the Debtor's financial advisor conduct a sensitivity analysis that tested lowered occupancy levels than those reflected in the Debtor's occupancy assumptions underlying the Original Plan, as well as other cash flow sensitivities;

d) facilitating discussions among the Debtor, UMB, and Greystone Management Services, LLC ("**Greystone**") relating to the renegotiation of Greystone's contract as the Debtor's property manager;

e) preparing for and attending the Committee's weekly meetings;

f) preparing for and participating in two of the Committee's three virtual "Town Hall Meetings", held on September 13, 2021 and October 4, 2021;

g) reviewing and revising the Committee's various status reports filed in the Chapter 11 Case intended to inform general unsecured creditors of key developments in the Chapter 11 Case;

h) attending hearings held before this Court, such as the confirmation hearing, where OnePoint was prepared to testify in support of confirmation of the Plan if needed; and

i) engaging in heavy discussions and negotiations between and among, as appropriate, Debtor's counsel, the Committee, Committee counsel, UMB's counsel, and the Ad Hoc Committee's counsel relating to the Plan.

29. OnePoint kept track of its time during the Application Period and included time and expense details and summaries in this Application.

30. OnePoint has not previously filed an interim application for the Application Period, but certain payments have been received by OnePoint in accordance with the Interim Compensation Order. Specifically, pursuant to the Interim Compensation Order, OnePoint previously submitted monthly fee statements for fees and expenses incurred to the Notice Parties (as defined in the Interim Compensation Order) for the Application Period.

31. The following chart summarizes OnePoint's total fees and expenses during the Application Period, and lists the applicable Exhibit containing further information pertaining to such fees and expenses:

|  | Fees | Expenses | Exhibit |
|---|---|---|---|
| August 3, 2021 through August 31, 2021 Fee Statement | $70,954.17 | $0.00 | Exhibit B-1 |
| September 1, 2021 through September 30, 2021 Fee Statement | $24,525.00 | $299.00 | Exhibit B-2 |
| October 1, 2021 through October 31, 2021 Fee Statement | $25,075.00 | $0.00 | Exhibit B-3 |

| November 1, 2021 through November 30, 2021 | $15,000.00 | $0.00 | Exhibit B-4 |
|---|---|---|---|
| **Total Fee Statements** | **$135,554.17** | **$299.00** | |

32. A general description and summary of services performed by OnePoint during the Application Period is set forth below. The summary is organized by the categories in which OnePoint tracked its hours during the Application Period.

**Court Matters**

33. OnePoint expended 3.60 hours for total fees of $1,800.00 in this category. Included in this Task Code is work performed related to preparing for and attending court hearings, including the confirmation hearing.

**Creditor Communication**

34. OnePoint expended 141.00 hours for total fees of $70,500.00 in this category. Included in this Take Code is work performed related to communications with the Debtor's creditors including, but not limited to:

    a) preparing for and participating in the Committee's weekly meetings;

    b) reviewing and revising the Committee's various status reports filed in the Chapter 11 Case intended to inform general unsecured creditors of key developments in the Chapter 11 Case; and

    c) preparing for and participating in the Committee's virtual Town Hall Meetings arranged for general unsecured creditors, along with the Committee and Committee Counsel, held on September 13, 2021 and October 4, 2021.

**Fee and Employment Applications**

35. OnePoint expended 3.17 hours for total fees of $1,583.33 in this category. Included within this Task Code is time expended performing various functions directly related to reviewing

9

OnePoint's Retention Application and Retention Order, and ensuring compliance with the retention requirements of the Bankruptcy Code and other pertinent rules.

**Plan and Disclosure Statement**

36. OnePoint expended 125.82 hours for total fees of $61,670.83 in this category. Included within this Task Code is time expended on regarding the Plan and Disclosure Statement including, but not limited to:

> a. reviewing the Debtor's projections and assumptions stated in disclosure statement and comparison with cash flow model;
>
> b. reviewing and analyzing feasibility of projections and assumptions used in disclosure statement;
>
> c. analyzing effective date flow of funds and related documents;
>
> d. requesting that the Debtor's financial advisor conduct a sensitivity analysis that tested lowered occupancy levels than those reflected in the Debtor's occupancy assumptions underlying the Original Plan, and analyzing the results of such sensitivity analysis; and
>
> e. meeting, discussing and corresponding extensively with Debtor's counsel, Committee Counsel, and other professionals related to the Plan and Disclosure Statement.

### REASONABLE AND NECESSARY EXPENSES OF ONEPOINT

37. In addition to the compensation earned by OnePoint during the Application Period, OnePoint also incurred certain reasonable and necessary expenses during the Application Period for which it is entitled to reimbursement under the Retention Order. OnePoint's total expenses

for the Application Period are $299.00. Summaries of the expenses incurred during the Application Period are set forth in greater detail on the attached Exhibit D.

**BASIS FOR RELIEF**

38.     Section 328(a) of the Bankruptcy Code allows a professional to obtain prior court approval of the terms of its retention. *See* 11 U.S.C. § 328(a). Under section 328(a), a professional may avoid uncertainty by obtaining (i) advance court approval of compensation terms agreed to with the estate and (ii) a court's finding that such terms are "reasonable" in advance of the professional's providing related services. *See In re Nat'l Gypsum Co.*, 123 F.3d 861, 862–63 (5th Cir. 1997). If a court has entered an order authorizing a professional's employment that "expressly and unambiguously states specific terms and conditions (e.g., specific hourly rates) that are being approved pursuant to the first sentence of Section 328(a)," the court is constrained to apply only the "improvident" standard of section 328(a) in any later review of such professional's requested compensation. *Zolfo, Cooper & Co. v. Sunbeam-Oster Co., Inc.*, 50 F.3d 253, 261 (3d Cir. 1995).

39.     To render a previously approved fee arrangement "improvident" under the section 328(a) standard, a bankruptcy court must find that there have been "developments not capable of being anticipated at the time of the fixing of the terms and conditions" of the engagement. 11 U.S.C. § 328(a). It is not enough that developments in a case are simply unforeseen. *Daniels v. Barron (In re Barron)*, 225 F.3d 583, 585 (5th Cir. 2000).

40.     Moreover, section 330 of the Bankruptcy Code provides that a court may award a professional employed under section 1103 of the Bankruptcy Code "reasonable compensation for actual necessary services rendered . . . and reimbursement for actual, necessary expenses." 11

U.S.C. § 330(a)(1). Section 330 also sets forth the criteria for the award of such compensation and reimbursement:

> In determining the amount of reasonable compensation to be awarded, the court should consider the nature, the extent, and the value of such services, taking into account all relevant factors, including—
>
> A. the time spent on such services;
>
> B. the rates charged for such services;
>
> C. whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;
>
> D. whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed;
>
> E. with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and
>
> F. whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

11 U.S.C. § 330(a)(3).

41.     In consideration of the above factors listed in section 330 of the Bankruptcy Code, OnePoint submits that the compensation requested herein is justified by the facts and circumstances of this Chapter 11 Case. First, OnePoint's fees were earned under the terms of the Retention Application, as approved by the Retention Order. Accordingly, OnePoint submits that the fees and expenses requested herein should be awarded on an interim and final basis. Additionally, OnePoint submits that the services performed on behalf of the Committee, as described above and as set forth in the time records attached to the monthly invoices, were necessary for and significantly beneficial to the Committee. Further, there have been no

circumstances in this Chapter 11 Case which would give cause to question the terms of OnePoint's engagement terms, which the Court approved under section 328(a) of the Bankruptcy Code. In light of the above, OnePoint submits that its compensation should be allowed in full.

WHEREFORE, OnePoint respectfully requests entry of an order, substantially in the form attached hereto, (i) allowing compensation for professional services rendered by OnePoint as Financial Advisor to the Committee during the Application Period in the aggregate amount of $135,554.17; (ii) approving reimbursement of expenses incurred by OnePoint in connection with such services in the aggregate amount of $299.00; and (iii) granting such other and further relief to which OnePoint may be entitled, both at law and in equity.

Dated: January 28, 2022  ONEPOINT PARTNERS, LLC

/s/ Toby Shea
Toby Shea
t-shea@onepoint-partners.com

*Financial Advisor to the Official Committee of Unsecured Creditors*

## STATEMENT OF CERTIFYING PROFESSIONAL

I hereby certify that I have read the foregoing *First and Final Application of OnePoint Partners, LLC, as Financial Advisor to the Official Committee of Unsecured Creditors, for Allowance and Payment of Fees and Expenses Incurred for the Period of August 3, 2021 Through and Including November 30, 2021* and to the best of my knowledge, information and belief, formed after reasonable inquiry, the compensation and expense reimbursement sought is billed at rates, in accordance with practices, no less favorable than those customarily employed by OnePoint in similar matters and generally accepted by OnePoint's clients.

 /s/ Toby Shea
 Toby Shea

## CERTIFICATE OF SERVICE

I certify that on January 28, 2022, a true and correct copy of the foregoing Application was served by (i) the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas on those parties registered to receive electronic notices; and (ii) e-mail to the Notice Parties set forth in the Interim Compensation Order. A *Notice of OnePoint Partners, LLC's First and Final Application for Compensation and Reimbursement of Expenses, as Financial Advisor to the Official Committee of Unsecured Creditors, for Allowance and Payment of Fees and Expenses Incurred for the Period of August 3, 2021 Through and Including November 30, 2021* will also be contemporaneously filed and served on parties entitled to receive notice pursuant to Bankruptcy Rule 2002 via e-mail and first class mail, as applicable.

 /s/ Toby Shea
 Toby Shea